## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MILTON L. LOWERY, | ) |
| Plaintiff, | ) |
| VS. | ) CASE NO: 07-774 |
| TRANS UNION, LLC AND | ) JURY TRIAL DEMANDED |
| J. P. MORGAN CHASE & Co., | ) |
| Defendants. | |

## COMPLAINT

Plaintiff, Milton L. Lowery, by and through the undersigned attorneys, brings this action against Defendant Trans Union LLC ("Trans Union"), and J.P. Morgan Chase & Co. ("Chase") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Mobile County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Trans Union is a corporation incorporated under the laws of Delaware. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

4. Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Defendant Chase is a corporation doing business in Alabama and is incorporated under the laws of Delaware. Defendant's principal place of business is in Delaware.

6. Chase is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

## JURISDICTION AND VENUE

7.     This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act" of 1968, 15 U.S.C. § 1601, et seq., as well as other applicable law.

8.     Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9.     In July 2007, adverse information contained in the Plaintiff's consumer credit report by Trans Union stated and implied that a Chase credit card, account # xxxx xxxx xxxx 1680, was reporting past due.

10.    Plaintiff was denied a home mortgage loan in July 2007 based on the inaccurate information being reported on his Trans Union credit report.

11.    Plaintiff, in July 2007 advised Trans Union of the inaccurate reporting of the Chase credit card and that he was a victim of identity theft and to remove it immediately from his credit report.

12.    Defendant received the dispute letter from the Plaintiff as it was sent by certified mail.

13.    On information and belief, Trans Union contacted the creditor Chase about the inaccurate information being reported on his credit report pursuant to the regulations and procedures provided for under the FCRA.

14.    Plaintiff received the reinvestigation results from Trans Union on or about August 2007 showing that the Chase account was not reporting on his credit report.

15.    Plaintiff ordered a copy of his credit report on September 2007 and found that the Chase account was once again reporting on his Trans Union credit report.

16.    Defendant Trans Union did not perform a proper investigation as the Chase account was reinserted into plaintiff's credit file.

17.    The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the Chase account was not his.

18.    The Plaintiff has suffered damages, including but not limited to, the loss of credit,

denial of loans based on the inaccurate information reporting on his credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

## COUNT ONE
### Failure to comply with 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act by Defendant Chase

19. This is a count against Defendant Chase for its willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

20. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

21. Defendant was required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

22. Defendant's reinvestigation included the following duties and was required to meet the following standards:

   A. To include a review of all information provided to it by the credit reporting agency;

   B. To be conducted in good faith;

   C. To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

   D. To be conducted in such a way as to not violate any of the general prerequisites for Defendants' conduct under 15 U.S.C § 1681s-2(a) or any other statutory requirement for furnishers of credit information;

   E. To be conducted in a reasonable fashion; and

   F. To be conducted based on a review of all information reasonably available to Defendant.

23. Following the reinvestigation, on information and belief, Defendant reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

24. Following the reinvestigation, Defendant reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

25. Following the reinvestigation and dispatch of notice to the Defendant, Defendant reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

26. Following the reinvestigation and dispatch of notice to the Defendant, Defendant failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

27. Defendant's reinvestigation was not conducted in good faith.

28. Defendant's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

29. Defendant' reinvestigation was not conducted reasonably.

30. Defendant's reinvestigation was not conducted using all information reasonably available to Defendant.

31. Defendant's reinvestigation was per se deficient by reason of these failures of the Defendant in the reinvestigation of the credit accounts on the Plaintiff's consumer credit report.

32. Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

### COUNT TWO
*Failure to comply with 15 U.S.C. § 1681e(b) and 1681i(a) of the Fair Credit Reporting Act and State Laws by Trans Union.*

33. This is a count against Defendant Trans Union for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

34. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully

set out herein.

35. Defendant willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy and identity theft in consumer credit reports.

36. Defendant willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

37. The trade-lines contained within the Plaintiff's Trans Union reports as published by Defendant rendered the reports as inaccurate.

38. Following receipt of the Defendant's consumer report, the Plaintiff requested that Defendant reinvestigate the inaccurate accounts.

39. As part of the reinvestigation, Defendant was required to notify the furnishers of the allegedly inaccurate accounts of the dispute in a notice.

40. That notice was required to include all relevant information regarding the dispute that the agencies have received from the consumer.

41. As part of the reinvestigation, Defendant was required to consider and give due weight to all relevant information submitted by the Plaintiff.

42. Defendant negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

43. In response to the request for reinvestigation, Defendant did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

44. Defendant has maintained the inaccurate accounts on the Defendant's credit reports of the Plaintiff.

45. Defendant has negligently and/or willfully failed to conduct a proper reinvestigation of the accounts in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

46. The Plaintiff suffered damages as a result of this violation of the FCRA.

47. Defendant's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs,

attorney fees and punitive damages; such other relief as the Court deems proper.

### COUNT THREE
*Failure to comply with 15 U.S.C. § 1681i(a)(5)(B) of the Fair Credit Reporting Act and State Laws by Trans Union.*

48. This is a count against Defendant Trans Union for violations of the FCRA and state law.

49. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

50. Defendant failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not repost to Plaintiff's consumer report after deletion and would be suppressed from appearing on Plaintiff's consumer reports.

51. Defendant failed and refused to notify the Plaintiff of the reinsertion of the inaccurate information.

52. Defendant failed and refused to employ reasonable procedures to prevent the reappearance of disputed and deleted data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

53. Defendant, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

54. Defendant has maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

55. In addition to actual or compensatory damages for its negligent conduct, Defendant is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

DATED this the 31st day of October, 2007.

_____
JAMES D. PATTERSON (PATTJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

Law Offices of Earl P. Underwood
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626


PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

_____
James D. Patterson

Please serve this complaint by certified mail.

J.P. Morgan Chase & Co.
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE  19801